UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEANE BROWN, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )  Civil No. 07-61-B-W |
| | ) |
| MARTIN MAGNUSSON, et al., | ) |
| | ) |
|      Defendants | ) |

**RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT
(Docket No. 25) and CROSS MOTION FOR SUMMARY JUDGMENT (Docket No. 49).**

Deane Brown has brought a civil rights action against eight named defendants and five

'John Does.'

> Mr. Brown alleges that defendants violated his First Amendment right to freedom
> of speech by refusing him access to the news media and by transferring him to the
> Maryland Correctional Adjustment Center ("MCAC") in Baltimore, Maryland in
> retaliation for his assertion of constitutionally and statutorily protected freedom of
> speech. Mr. Brown further alleges that defendants violated his Eighth Amendment
> right to be free from cruel and unusual punishment by subjecting him to inhumane
> and dangerous conditions at the Warren State Prison and repeatedly transferring
> him to the Administrative Segregation unit in retaliation for asserting his
> constitutional rights under the Eighth Amendment. Mr. Brown seeks injunctive
> and declaratory relief and compensatory and punitive damages.

(Compl. ¶ 2.)  The recommended decision addresses a motion by Defendant Douglas Starbird

for summary judgment (Docket No. 25).  The portion of the complaint that implicates Starbird is

that Starbird thwarted his attempts to informally resolve food tray issues.  (Comp. ¶¶ 42, 76;

Mot. Summ. J. at 2-3; Resp. Mem. at 1-2.)

*Discussion*

### Summary Judgment Standard

"At the summary judgment stage," the United States Supreme Court explained in Scott v. Harris, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." __ U.S. __, __, 127 S. Ct. 1769, 1776 (2007) (citing Fed. Rule Civ. Proc. 56(c)).  Scott reemphasized, "'[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'" Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)). "'[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)).  Brown cannot defeat summary judgment by relying on "'conclusory allegations, or rank speculation.'"  Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 224 (1st Cir. 2007) (quoting Fontánez-Núñez v. Janssen Ortho LLC, 447 F.3d 50, 55 (1st Cir. 2006)).

The facts material to the summary judgment motion are drawn from the parties' statements of material facts in accordance with District of Maine Local Rule 56.  See Doe v. Solvay Pharms., Inc., 350 F. Supp. 2d 257, 259-60 (D. Me. 2004) (outlining the mandatory procedure for establishing factual predicates needed to support or overcome a summary judgment motion); Toomey v. Unum Life Ins. Co., 324 F. Supp. 2d 220, 221 n.1 (D. Me. 2004) (explaining "the spirit and purpose" of Local Rule 56).  Brown is represented by counsel.  In responding to Starbird's motion Brown has filed a responsive memorandum (see Doc. No. 42) but no response to Starbird's statement of fact or a

statement of additional facts.  The only record evidence Brown has attempted to present is a four-page copy of Starbird's response to interrogatories.  (See Doc. No. 42-2.)

With respect to Brown's efforts to style his opposition as including a cross motion for summary judgment, the failure to make any presentation of fact with proper record citations warrants denying that request outright.

### *Defendant Starbird's Material Facts*

Since January 13, 2003, prisoner grievances, except for grievances regarding medical and mental health care, have been handled in accordance with Department of Corrections Policy 29.1, Grievance Process, General.  (SMF ¶1) This policy provides for a formal grievance process that has three levels of review, including two levels of appeal. (Id. ¶ 2.). At the first level, the grievance review officer has up to 30 days to respond to a grievance.  (Id. ¶ 3.)

There were only three grievances filed by Deane Brown during August and September of 2005. (Id. ¶ 4.)  One concerned a food tray issue (05-MSP-383), another concerned a gum disease and toothbrush issue (05-MSP-385), and the third concerned a grievance form issue (05-MSP-402).  (Id. ¶ 5.) The grievance review officer responded to the food tray grievance by returning it to Brown to attempt an informal resolution with Douglas Starbird, the Special Management Unit Manager. (Id. ¶ 6.)  In the grievance form grievance, Brown complained that he had attempted an informal resolution of the food tray grievance with Unit Manager Starbird but that the Unit Manager had refused to sign it. (Id. ¶ 7.)  The grievance review officer responded to the grievance form grievance by instructing Brown to return the food tray grievance to him for processing. (Id. ¶ 8.)  Brown did not appeal this response. (Id. ¶ 9.) Brown returned the food tray grievance to the grievance review officer. (Id. ¶ 10.)  The grievance review officer then responded to that grievance by denying it on the merits.  (Id. ¶ 11.)  This response occurred

3

23 days after Brown initially filed his food tray grievance. (Id. ¶ 12.)   Brown did not appeal this response. (Id. ¶ 13.)

### *Recommended Disposition*

Starbird argues that Brown has not exhausted his claim against him because he did not complete the administrative exhaustion process at the prison and that his claim is subject to dismissal pursuant to the administrative exhaustion requirement of the Prison Litigation Reform Act (PLRA)  which provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Brown responds with the following argument:

> Defendant Starbird's refusal to follow the Department of Corrections own Grievance Policies was a violation of Mr. Brown's due process rights. In order for Mr. Brown to file a suit alleging violations of his civil rights he is required to have exhausted his administrative remedies, under the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a). One of those administrative remedies is an attempt to informally resolve a complaint prior to filing a formal complaint. If the informal resolution is unsuccessful, the prisoner may then file the formal complaint.
> Defendant Starbird flippantly suggests that his refusal to comply with his own employer's grievance procedures was a "no harm, no foul" situation. If staff refuses to cooperate with the prisoner and follow the grievance procedures as written, they are purposefully the prisoner's due process rights are violated. As this Court noted in a recent ruling, "[o]n its face the grievance policy professes to provide inmates with an avenue for redress not an obstacle to prevent future lawsuits." Parker v. Robinson, 2006 WL 2904780, *12 (2006).
> Finally, Defendant Starbird argues that Mr. Brown[] is precluded from bringing a claim based on Starbird's alleged refusal to comply with the grievance procedures because Mr. Brown allegedly failed to exhaust his administrative remedies. However, the grievances that the defendant refers to as not being exhausted are those concerning the food tray issues, which are not the decisions that Mr. Brown cites as part of his claim in this suit. Rather, Mr. Brown is here complaining of the defendant's denial of his due process rights by frustrating the grievance process. That behavior was grieved on September 26, 2005. *See*

4

Grievance 05-MSP-402, Attachment to the Affidavit of Robert Costigan, Doc. 27. On September 27, 2005, Mr. Brown was informed by Robert Costigan that "[t]his matter is not grievable," although no reason was given. See Acknowledgement of Receipt of Client Grievance – Form II, 05-MSP-402, Attachment to the Affidavit of Robert Costigan, Doc. 27. Mr. Brown therefore did fulfill his duty to exhaust his administrative remedies prior to filing a suit alleging that Defendant Starbird did violate his due process rights.

(Resp. Mem. at 3-4.)

The grievance that Brown refers to here, 05-MSP-402 states: "I sent grievances (#'s 05-MSP-383 and 05-MSP-385) to U/M Starbird.  He refuses to sign and return them to me, interfering with the grievance process.  He has not resolved the issues and he has halted my avenue of redress."  (Doc. No. 27-4 at 12.)  Form II for that grievance from Robert Costigan indicates that this was not a grievable matter. (Id. at 13.)  The Costigan Affidavit states:

10. In the third grievance, Brown complained that he had attempted an informal resolution of both of the other grievances with Unit Manager Starbird but that the Unit Manager had refused to sign them.
11. Despite that Brown had not followed my instructions with respect to the gum disease and toothbrush grievance, I responded to the third grievance by instructing Brown to return both grievances to me for processing. He did not appeal this response.

(Costigan Aff. ¶¶ 10, 11, Doc. No. 27 at 2.)  Brown cites to no record evidence that he took any step to proceed through all three formal stages of the grievance procedure. There is no evidence that Warden Merrill or Commissioner Magnusson ever received anything regarding the grievances pertaining to Starbird.  Brown seems to believe that this partial effort to grieve is all that was needed prior to filing suit.[1]

---

[1]     It is a mistake to read Parker v. Robinson, Civ. No. 04-214-B-W, 2006 WL 2904780 (D.Me. Oct. 10, 2006)(recommended decision) as tolerating partial efforts by inmates to comply with the prison grievance procedure prior to filing suit.  Parker was an extraordinary case in which the plaintiff demonstrated that he had attempted to fully comply with all the steps of the Maine State Prison's grievance procedure.  I explained:

This is not a case in which Parker was trying to force Magnusson to dismiss his grievance on procedural grounds. See [Woodford v.] Ngo, [548 U.S. 81, 96 (2006)].  Nor is this a case where the plaintiff has not filled out the proper forms at the proper stage of the grievance process, a

The Supreme Court has made clear that for purposes of § 1997e(a) "proper exhaustion of administrative remedies," including using "all steps" that the correctional facility "holds out," and doing so "<u>properly</u>." <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006). "When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, <u>or only partially exhausts administrative remedies</u>, dismissal of the complaint is appropriate." <u>Smith v. Federal Bureau of Prisons</u>, 300 F.3d 721, 723 (6th Cir. 2002) (emphasis added).  If Brown has not "satisfied the PLRA's exhaustion requirement, [his] case must be dismissed." <u>Casanova v. Dubois</u>, 289 F.3d 142, 147 (1st Cir. 2002).

Accordingly, even if the court were to accept the factual representations made in Brown's memorandum as somehow admissible for purposes of controverting Starbird's factual presentation, Starbird is entitled to summary judgment on the grounds that Brown has not fully exhausted any claims pertaining to him and the claims against Starbird should be dismissed.

---

failure to do so which could leave the grievance officials to conclude that the inmate was dropping the matter, <u>see</u> <u>Blount v. Boyd</u>, No. 7:05-cv00643, 2006 WL 2381968, *1 -5 (W.D.Va. Aug. 17, 2006); <u>Gardner v. Hendricks</u>, Civ. No. 04-3561(FLW); 2006 WL 2331102, *2 -4 (D.N.J. Aug. 10, 2006); Parker's three levels of grievances were complete, coherent, and in the proper format. The case had been fully investigated by the prison officials and personally reviewed by Magnusson. Nor is this a case in which the inmate was careless in assuring that his grievance reached the hands of the necessary party and where there is no evidence that the grievances made it into the hands of the decision makers, compare <u>Hale v. Civigenics</u>, Inc., Civ. No. 5:06-CV-5, 2006 WL 2385281, *3 -4 (E.D.Tex. Aug. 17, 2006) (concluding that <u>Ngo</u> required dismissal when the most the inmate did to submit his second level grievance was to place it on "a ledge"); the evidence demonstrates that Parker fully complied with the requirements of the first two level of grievances and that, if anything, he went too far out of his way to assure that his third stage grievance was received by Magnusson.

(<u>Id.</u> at 12.)

### *Conclusion*

For the reasons set forth above, I deny Brown's cross motion for summary judgment (Docket No. 49) and I recommend that the Court grant Douglas Starbird's motion for summary judgment (Docket No. 25) and dismiss Brown's claims against Starbird.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date:  August 27, 2008