UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEANE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 07-61-B-W |
| | ) |
| MARTIN MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**
**(Docket No. 24)**

Deane Brown has brought a civil rights action against eight named defendants and five

'John Does.'

> Mr. Brown alleges that defendants violated his First Amendment right to freedom
> of speech by refusing him access to the news media and by transferring him to the
> Maryland Correctional Adjustment Center ("MCAC") in Baltimore, Maryland in
> retaliation for his assertion of constitutionally and statutorily protected freedom of
> speech. Mr. Brown further alleges that defendants violated his Eighth Amendment
> right to be free from cruel and unusual punishment by subjecting him to inhumane
> and dangerous conditions at the Warren State Prison and repeatedly transferring
> him to the Administrative Segregation unit in retaliation for asserting his
> constitutional rights under the Eighth Amendment. Mr. Brown seeks injunctive
> and declaratory relief and compensatory and punitive damages.

(Compl. ¶ 2.)   This recommended decision addresses a motion to dismiss filed by Defendant

Martin Magnusson, the Commissioner of the Maine Department of Corrections (Docket No. 24).

*Discussion*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, __U.S. __, __,127 S.Ct.

2197, 2200 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v.

Twombly, __ U.S. __, __, 127 S.Ct. 1955, 1969 (2007).  To survive a motion to dismiss, Brown

must allege "a plausible entitlement to relief." Id. at 1967. Accord Cook v. Gates, 528 F.3d 42,

48 (1st Cir. 2008).

Magnusson argues that there are no factual allegations made against him that meet the

Twombly standard.  (Magnusson Mot. Dismiss at 2-3.)   With respect to his potential liability as

a supervisor, relying on Guiterrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989) and

Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997), he asserts that he can only be held liable

on such a theory if there was an "affirmative link" between his conduct and if his action or

inaction led inexorably to the constitutional violation.  (Magnusson Mot. Dismiss at 3.)

In his response to this argument Brown retorts:

> It is odd that the Defendant counters what he believes are the allegations
> of Plaintiff against him, as contained in various letters that Plaintiff wrote to him,
> while failing to even mention the most serious allegation, the "affirmative line
> between [Magnusson's] conduct and a constitutional violation by a person
> supervised." Gutierrez-Rodriguez at 562[1]  This link is the link between
> Magnusson and Warden Merrill and Merrill's violation of Plaintiff's First
> Amendment rights by preventing him from having access to the media as
> retaliation for his grievances and public disclosure of the conditions in the Maine
> State Prison. See Complaint ¶¶ 54, 56, 58, 59.
> There is no doubt that Magnusson knew of Plaintiff's challenges to this
> policy, since the Huber letter referenced in Complaint paragraph 58 was copied to
> him as was Warden Merrill's response on October 26, 2008. See Complaint ¶ 59.
> In addition, Mr. Brown's e-mail to Warden Merrill, dated October 17, 2008,
> which is referenced in ¶ 56 was forwarded to Magnusson, apparently by a
> member of his staff. See Attached e-mail from Christopher Marra to Denise V.
> Lord, dated October 26, 2008, and Documents referenced in ¶¶ 58, 59.
> Magnusson was not only aware of an alleged constitutional violation in
> the Department's policies and procedures, but he himself may have created such a
> policy. And, when made aware of Mr. Brown's allegation that Warden Merrill's
> refusal to allow him access to the media was a violation of Plaintiff's First
> Amendment rights, Commissioner Magnusson failed to respond to not one, not

---

[1]    Although the point of Brown's argument is clear, I am a little confused by this quotation here as it is not from the cited case.

two, but three communications on the matter. *See* Complaint ¶¶ 56, 58, 59 and
Attachments.

In summary, not only was Defendant Magnusson aware of an alleged
constitutional violation in his department's policies and procedures, but he did
nothing to address the challenge to those policies and procedures when made by
the Plaintiff.

(Resp. Mem. at 2-3.)

Brown also attaches exhibits to his response.  One is an email written by Brown and

forwarded from Christopher Marra to Magnusson and five other individuals in which Brown

complains about suicides in the prison and expresses his belief that he has a right and moral

obligation to bring the situation at the prison to the attention of the public. (Doc. No. 44-2 at 1-

2.)   In this email Brown refers to a threat to transfer him to an out-of-state facility in retaliation

for the exercise of his constitutional right.  Another attachment is a letter from Ron Huber from

WRFR Community Radio to Warden Jeffery Merrill concerning the prohibition of Brown

continuing as a news correspondent for the station's show, "Weekend Roundtable."  (Id. at 3.)

This letter includes a 'cc' to Magnusson, among others.  (Id.) And, finally there is a letter from

Merrill to Huber responding to that letter, indicating, "The First Amendment does not give a

prisoner the right to act as a news correspondent.  Department policy also provides that a

prisoner may not act as a reporter, publish under a byline or act as an agent of the news media."

(Id. at 4.)  This letter also includes a 'cc' to Magnusson.  (Id.)

I note these attachments because they are presented by Brown in defense of his claim

against Magnusson.  I do not think that there is any reason to convert this motion to one for

summary judgment in view of these three submissions, see Fed. R. Civ. P. 12(d), because I

conclude that even without the evidence relied upon here, Brown has adequately stated a claim

against Magnusson as Merrill's supervisor with regards to the decision to prohibit Brown from acting as news correspondent in retaliation for Brown's exercise of his First Amendment rights.[2]

The complaint sufficiently alleges that Warden Merrill prohibited Brown from acting as correspondent to the press.  The complaint identifies Commissioner Magnusson as Merrill's superior, a person who is charged with policy making and supervisory responsibilities over the Maine State Prison.  It is fair to employ a little commonsense here because the court's perspective of the command structure of the Maine Department of Corrections -- in particular with respect to the interplay between the Maine State Prison and the Commissioner -- is not like the perspective of an outsider deciphering the chain of command in the Kremlin during the Cold War.  As the Department's own grievance policy reflects, the floor or cell level personnel move up the chain of command in dealing with prisoner issues to Warden Merrill and then to Commissioner Magnusson who have ultimate responsibility for grievances that reach their desks. And, as I have articulated in other cases involving Maine State Prison litigating inmates, the point of the 42 U.S.C. § 1997e(a) grievance requirement is to give people in the position of Merrill and Magnusson an opportunity to address claims such as those pressed by Brown here. See, e.g, Parker v. Robinson, Civ. No. 04-214-B-W, 2006 WL 2904780 (D.Me. Oct. 10, 2006)(recommended decision). The grievance procedure also gives them notice of the claims and of their responsibility to review the claims for any rights violations. There are nine dispositive motions in this action so far.  Six are by the defendants, two postured as motions for summary judgment, three as motions to dismiss and one has a hybrid.  As to this matter it is a pure motion to dismiss and Magnusson has elected not to present a factual record that would entitle him to

---

[2]     With respect to Brown's theory that his First Amendment rights were violated by a retaliatory transfer of Brown because of his efforts to exercise this perceived right, he has not argued here that there was an affirmative link between that decision and Commissioner Magnusson.

summary judgment.  For this reason I assume that he would not invite a conversion of this

motion to one for summary judgment due to Brown's exhibits. But, at the same time I do not

believe Magnusson has demonstrated that he is entitled to dismissal of the entire complaint as

against him for failure to state a claim because the complaint sufficiently alleges that Magnusson

should be held liable as a supervisor of Warden Merrill as to Brown's First Amendment

retaliation claim regarding the news correspondent prohibition.[3]

That said, I agree with Magnusson that, per District of Maine Local Rule 7(b), Brown

"has waived any objection to the dismissal as to this defendant of his First Amendment claims of

retaliation by being placed in administrative segregation and by being transferred to Maryland

and his Eighth Amendment inhumane conditions and Fourteenth Amendment due process

claims, as well as the state rights claims he made a perfunctory mention of in his complaint."

(Reply Mem. at 1-2.)[4]

### *Conclusion*

In view of the above, my recommendation is that Magnusson's motion to dismiss (Doc.

No. 24) be denied in part with respect to the supervisory liability news correspondent prohibition

First Amendment retaliation claim.  I further recommend that the motion be granted in part, on

the basis of waiver, as to Brown's First Amendment administrative segregation and transfer

retaliation claims, any Eighth Amendment inhumane conditions claim, any Fourteenth

---

[3]     Therefore, I reject Magnusson's argument that the complaint does not sufficiently allege that Magnusson can be held liable on the First Amendment retaliation claim because it did not specify that Magnusson had specific knowledge of Merrill's actions.  (Reply Mem. at 2.)  As I have explained, it is sufficient given the transparency of the Department of Corrections that Brown's complaint clearly identifies Magnusson as Merrill's direct supervisor.
[4]     The "state rights claims" is a reference to Brown's representation in Count II that all the defendants violated the First, Eighth and Fourteenth Amendments "and departmental policies and procedures."  (Compl. at 19; see also id. ¶ 75.)

5

Amendment due process claim, and any state rights claim under department policies and

procedures.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date:  August 27, 2008