UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEANE BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 07-61-B-W |
| | ) |
| MARTIN MAGNUSSON, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**
**(Docket No. 20)**

Deane Brown has brought a civil rights action against eight named defendants and five 'John Does.'

> Mr. Brown alleges that defendants violated his First Amendment right to freedom of speech by refusing him access to the news media and by transferring him to the Maryland Correctional Adjustment Center ("MCAC") in Baltimore, Maryland in retaliation for his assertion of constitutionally and statutorily protected freedom of speech. Mr. Brown further alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to inhumane and dangerous conditions at the Warren State Prison and repeatedly transferring him to the Administrative Segregation unit in retaliation for asserting his constitutional rights under the Eighth Amendment. Mr. Brown seeks injunctive and declaratory relief and compensatory and punitive damages.

(Compl. ¶ 2.) This recommended decision addresses a motion to dismiss filed by all defendants as to Brown's procedural due process claims relating to his transfer to MCAC (Doc. No. 20).

*Discussion*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, __U.S. __, __,127 S.Ct. 2197, 2200 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell AtlanticCorp. v. Twombly,

__ U.S. __, __, 127 S.Ct. 1955, 1969 (2007).  To survive a motion to dismiss, Brown must allege "a plausible entitlement to relief." Id. at 1967. Accord Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008).

Olim v. Wakinekona summarizes the United States Supreme Court law on these types of procedural due process claims relating to inmate transfers:

> In Meachum v. Fano, 427 U.S. 215 (1976), and Montanye v. Haymes, 427 U.S. 236 (1976), this Court held that an intrastate prison transfer does not directly implicate the Due Process Clause of the Fourteenth Amendment. In Meachum, inmates at a Massachusetts medium security prison had been transferred to a maximum security prison in that Commonwealth. In Montanye, a companion case, an inmate had been transferred from one maximum security New York prison to another as punishment for a breach of prison rules. This Court rejected "the notion that any grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause." Meachum, 427 U.S., at 224 (emphasis in original).

461 U.S. 238, 244 (1983).  The Court then extended this rule to interstate transfers:

> Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State.  Often, confinement  in the inmate's home State will not be possible.
> A person convicted of a federal crime in a State without a federal correctional facility usually will serve his sentence in another State. Overcrowding and the need to separate particular prisoners may necessitate interstate transfers. For any number of reasons, a State may lack prison facilities capable of providing appropriate correctional programs for all offenders.
> Statutes and interstate agreements recognize that, from time to time, it is necessary to transfer inmates to prisons in other States.
> …
> In short, it is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State. Confinement in another State, unlike confinement in a mental institution, is "within the normal limits or range of custody which the conviction has authorized the State to impose." Meachum, 427 U.S., at 225. Even when, as here, the transfer involves long distances and an ocean crossing, the confinement remains within constitutional limits. The difference between such a transfer and an intrastate or interstate transfer of shorter distance is a matter of degree, not of kind, and Meachum instructs that "the

>  determining factor is the nature of the interest involved rather than its weight."
> 427 U.S., at 224. The reasoning of Meachum and Montanye compels the
> conclusion that an interstate prison transfer, including one from Hawaii to
> California, does not deprive an inmate of any liberty interest protected by the Due
> Process Clause in and of itself.

Id. at 245-48 (emphasis added) (footnotes omitted).

Brown cites to Sandin v. Connor, 515 U.S. 472 (1995) in his opposition memorandum arguing that his transfer to Maryland "'imposes atypical and significant hardship'." (Opp'n Mem. at 1.) He asserts that he "has made extensive allegations of the hardship imposed by imprisonment in the Maryland Supermax, including physical mistreatment and loss of the most meaningful contacts in life."  (Id.)  Olim v. Wakinekona controls his complaint about the loss of contacts due to the distance from Maine to Maryland.  With regards to his claims of physical mistreatment at the Maryland facility, he may be able to pursue a Sandin challenge (or an Eighth Amendment claim) against personnel in the facility, but he has no procedural due process right as to these defendants for the alleged mistreatment there.

Finally, Brown urges in defense of this motion that his transfer was made in retaliation for his filing of grievances. (Opp'n Mem. at 2.)  This motion does not seek dismissal of that claim; the merits of Brown's retaliation claims are addressed in another motion by Warden Merrill and Deputy Warren O'Farrell (Doc. No. 33).[1]

### *Conclusion*

For the reasons set forth above, I recommend that the Court grant this motion, pressed on behalf of all the defendants, and dismiss Brown's procedural due process claim pertaining to his transfer to an out-of-state facility because it fails to state a tenable claim.

---

[1] The defendants have also filed a summary judgment motion that asserts that his claim, among others, is not exhausted as required by 42 U.S.C. § 1997(a). (See Doc. No. 28.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date: August 28, 2008