UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEANE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 07-61-B-W |
| | ) |
| MARTIN MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**
**(Docket No. 23)**

Deane Brown has brought a civil rights action against eight named defendants and five 'John Does.'

> Mr. Brown alleges that defendants violated his First Amendment right to freedom of speech by refusing him access to the news media and by transferring him to the Maryland Correctional Adjustment Center ("MCAC") in Baltimore, Maryland in retaliation for his assertion of constitutionally and statutorily protected freedom of speech. Mr. Brown further alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to inhumane and dangerous conditions at the Warren State Prison and repeatedly transferring him to the Administrative Segregation unit in retaliation for asserting his constitutional rights under the Eighth Amendment. Mr. Brown seeks injunctive and declaratory relief and compensatory and punitive damages.

(Compl. ¶ 2.)   This recommended decision addresses a motion to dismiss filed by Defendants David Cutler, Nelson Riley, Troy Ross, and Russell Worcester (Doc. No. 23).

*Discussion*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, __U.S. __, __,127 S.Ct. 2197, 2200 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v.

Twombly, __ U.S. __, __, 127 S.Ct. 1955, 1969 (2007).  To survive a motion to dismiss, Brown must allege "a plausible entitlement to relief." Id. at 1967. Accord Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008).

In this motion the four defendants argue that, assuming that Brown has exhausted his administrative remedies apropos the claims against him as required by 42 U.S.C. § 1997e(a), it does not cross the Twombly pleading threshold as to them.  (Mot. Dismiss at 2.)  The motion argues that the only allegations against these four defendants are as follows:

- Cutler:  Paragraph 18 of the complaint describes Cutler as a prison guard and Paragraph 48 indicates that Cutler and Defendant O'Farrell objected to Brown getting his job back in prison industries and it was not restored.  (Mot. Dismiss at 3.)
- Riley: Paragraph 17 described Riley as a Maine State Prison Deputy Warden; Paragraphs 46 and 48 are basically positive about Riley, including an allegation that he requested that Brown be given his job back; and Paragraph 60 of the complaint indicates that Riley received a memo from Defendant O'Farrell and that O'Farrell did not include pertinent information in the memo (Id. at 3.)
- Ross:  Paragraph 20 described Ross as a Maine State Prison guard; Paragraph 29 indicates that Ross discovered contraband in Brown's cell; Paragraphs 31 and 40 indicate that Ross attended the April 19, 2005, and the June 1, 2005, administrative segregation review; Paragraph 39 represents that at the June 1, 2005, meeting Ross stated that he did not know why Brown was in administrative segregation and he could only assume that it was because of the contraband found in his cell on April 12, 2005.  (Id. at 4; see also id. at 4-7.)
- Worcester: Worcester is not mentioned in the paragraphs setting forth the defendants' position (the complaint header indicates that he is a Unit Manager at the Maine State Prison);  Paragraph 29 alleges that Worcester did not sign the administrative segregation paperwork; and Paragraph 33 alleges that he did sign the disciplinary paperwork.  (Id. at 7.)

In setting forth this summary, the defendants also point out what is not alleged about these defendants pertaining to certain actions taken at the prison.

In response to the motion to dismiss Brown does not take issue with this characterization of the complaint allegations as it pertains to these four defendants. Rather, Brown argues as follows:

> In their Motion to Dismiss, Defendants refer to acts engaged in by the Defendants as if such acts were all unobjectionable. While isolated descriptions of the acts of these defendants might make them appear petty, unconnected and not rising to the level of a claim upon which relief can be granted, the pattern and practice that these incidents comprise strongly suggest retaliation for Mr. Brown's frequent grievances within the system, and communication to the media about the conditions within the Maine State Prison. As the U.S. Supreme Court noted in Haines v. Kerner, "[w]hatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence." Haines v. Kerner, 404 U.S. 519, 520-521 (1972), 92 S.Ct. 594.
>
> If the allegations in the Complaint are inartfully pled, it must be noted that communication between Plaintiff and his Maine attorney has been non-existent from the start, due to his precipitous transfer, and when Plaintiff's Complaint was drafted and filed, Baltimore co-counsel had not yet been in place. In addition, the incidents included in Mr. Brown's complaint are multiple and occurred over a number of years. Each of the defendants named in this motion are cogs in a wheel of retaliation and improper motivation and each played a part, at various times, in either labeling Mr. Brown as a threat to the security or orderly management of the facility, or in acquiescing with that labeling, despite the lack of factual basis for such a determination.
>
> In summary, the allegations against these defendants are, as the *Haines* court put it, "sufficient to call for the opportunity to offer supporting evidence." Id. And, as the 7th Circuit urged in Hammer v. Ashcroft, in "matters of disputed fact on issues like motivation … we draw inferences in favor of the non-moving party." Hammer v. Ashcroft, 512 F.3d 961 (7th Cir. 2008).

(Opp'n Mem. at 2-3.)

There is nothing more than rank speculation that any of these four defendants partook in retaliatory acts. It is worth reiterating the counsel of Twombly:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading

3

> must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

127 S. Ct. at 1964 -65 (emphasis added)(footnote omitted). The factual allegations in this complaint as it relates to these four defendants may be relevant to whether or not other defendants had a retaliatory motive vis-à-vis their actions but they are not sufficient to warrant bringing them to trial on a theory that they could be liable for retaliating against Brown for the exercise of his First Amendment rights.[1]  Totally missing from the complaint allegations is any factual statement that any of these defendants took any steps in retaliation for what they might have at some point in time "labeled" as a threat to security or orderly management of the facility. "Labeling" a prisoner, even if it may ultimately have evidentiary relevance to the asserted constitutional claim of retaliation, does not in and of itself state a claim for which relief may be granted.

## CONCLUSION

Based on the above I recommend that the court grant this motion and dismiss all claims against Defendants David Cutler, Nelson Riley, Troy Ross, and Russell Worcester.

---

[1] The word conspiracy or conspired does not appear in the text of the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date: August 29, 2008