UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DEANE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-61-B-W |
| | ) | |
| MARTIN MAGNUSSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT**
**(Docket No. 28)**

Deane Brown has brought a civil rights action against eight named defendants and five 'John Does.'

> Mr. Brown alleges that defendants violated his First Amendment right to freedom of speech by refusing him access to the news media and by transferring him to the Maryland Correctional Adjustment Center ("MCAC") in Baltimore, Maryland in retaliation for his assertion of constitutionally and statutorily protected freedom of speech. Mr. Brown further alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to inhumane and dangerous conditions at the Warren State Prison and repeatedly transferring him to the Administrative Segregation unit in retaliation for asserting his constitutional rights under the Eighth Amendment. Mr. Brown seeks injunctive and declaratory relief and compensatory and punitive damages.

(Compl. ¶ 2.)  This recommended decision addresses a motion for summary judgment by all the defendants seeking dismissal of certain claims on the grounds that they are not exhausted. (Doc. No. 28).

*Discussion*

**Summary Judgment Standard**

"At the summary judgment stage," the United States Supreme Court explained in Scott v. Harris, "facts must be viewed in the light most favorable to the nonmoving party only if there is a

'genuine' dispute as to those facts." __ U.S. __, __, 127 S. Ct. 1769, 1776 (2007) (citing Fed. Rule Civ. Proc. 56(c)). Scott reemphasized, "'[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'" Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)). "'[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). Brown cannot defeat summary judgment by relying on "'conclusory allegations, or rank speculation.'" Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 224 (1st Cir. 2007) (quoting Fontánez-Núñez v. Janssen Ortho LLC, 447 F.3d 50, 55 (1st Cir. 2006)).

The facts material to the summary judgment motion are drawn from the parties' statements of material facts in accordance with District of Maine Local Rule 56. See Doe v. Solvay Pharms., Inc., 350 F. Supp. 2d 257, 259-60 (D. Me. 2004) (outlining the mandatory procedure for establishing factual predicates needed to support or overcome a summary judgment motion); Toomey v. Unum Life Ins. Co., 324 F. Supp. 2d 220, 221 n.1 (D. Me. 2004) (explaining "the spirit and purpose" of Local Rule 56). Brown is represented by counsel. In responding to the defendants' motion Brown has file a responsive memorandum (see Doc. No. 42) but no response to the defendants' statement of fact or a statement of additional facts. In his opposition memorandum Brown references his affidavit statements "attesting to and expounding upon the various incidents raised in Defendants' Motion for Summary Judgment on Unexhausted Claims." (Opp'n Mem. at 2.) I do not know what prevented counsel from complying with the local rule by submitting a paragraph by paragraph response to the

defendants' statement of fact with record citations to the Brown affidavit and/or generating a statement of additional facts with record citations to the affidavit that would have given the defendants an opportunity to respond to Brown's facts in a reasonable manner.  Compare See Clarke v. Blais, 473 F. Supp. 2d 124, 128 (D. Me. 2007) (incorporating pro se litigant's affidavit testimony despite non-compliance with Local Rule 56).  As it stands, there is no reason to expect these defendants to respond to each paragraph of the Brown affidavit as if it were a statement of fact or to attempt to identify which of the affidavit statements are material to Brown's opposition.  Accordingly, I proceed to analyze the merits of this motion on the basis of the facts set forth by the defendants, treating them as undisputed.

### *Defendants' Material Facts*

Since January 13, 2003, prisoner grievances, except for grievances regarding medical and mental health care, have been handled in accordance with Department of Corrections Policy 29.1, Grievance Process, General. (SMF ¶ 1.) Grievances regarding medical and mental health care have been handled in accordance with Department of Corrections Policy 29.2, Grievance Process, Medical and Mental Health Care. (Id. ¶ 2.)  There were no grievances filed by Deane Brown from October 1, 2006, to May 31, 2007. (Id. ¶ 3.)  Grievances are not permitted of classification decisions, including, but not limited to, an administrative segregation decision or a transfer decision, because there are separate appeal procedures for these. (Id. ¶ 4.)  There have been no appeals filed by Deane Brown of any of the decisions made in connection with his placement in administrative segregation in October 2006. (Id. ¶ 5.) There have been no appeals filed by Deane Brown of the decision to transfer him to Maryland. (Id. ¶ 6.)

*Recommended Disposition*

The defendants argue that Brown has not exhausted his claim against them because Brown did not complete the administrative exhaustion process at the prison and that his claim is subject to dismissal pursuant to the administrative exhaustion requirement of the Prison Litigation Reform Act (PLRA) which provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

The Supreme Court has made clear that for purposes of § 1997e(a) "proper exhaustion of administrative remedies," including using "all steps" that the correctional facility "holds out," and doing so "properly." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006)."  When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate." Smith v. Federal Bureau of Prisons, 300 F.3d 721, 723 (6th Cir. 2002) (emphasis added).  If Brown has not "satisfied the PLRA's exhaustion requirement, [his] case must be dismissed." Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002).

In this motion the defendants address Brown's claim as to his placement in administrative segregation in October 2006. (See Mot. Summ. J. at 3, citing Compl. ¶ 60.)  The defendants assert:

> The plaintiff admits that he did not file an appeal of the decision made on October 27, 2006 at the first review of his placement (see complaint, ¶¶ 61-62), and the evidence presented in support of this motion shows that he did not file any appeal of the decisions made at any of the three subsequent reviews.
> The plaintiff makes no attempt to excuse the latter, but he does attempt to excuse the former by alleging that he was isolated from visits and phone calls with persons in the community (*see* complaint, ¶ 62). How this alleged isolation

prevented him from filing an appeal is not explained. Moreover, other admissions belie any connection. On at least two other occasions, he filed an appeal the same day of a review, which would indicate he did not wait for the assistance of outsiders. S*ee* complaint, ¶¶ 31, 32 (April 19, 2005); 39-40 (June 1, 2005).

      The plaintiff has also shown he is quite capable of writing a more complicated document on his own. *See* the motion for preliminary injunctive relief filed in this court by the plaintiff acting *pro se*, in which, among other things, he laments a complete lack of visits with "loved ones" and a complete lack of phone calls (*see* paragraphs 22, 26), and yet he manages to write an understandable document setting out both assertions of fact and legal arguments. Thus, it is clear that the plaintiff did not fulfill the requirement of exhaustion with respect to his October 2006 placement in administrative segregation.

(Id. at 3-4, footnotes omitted.)

As to this argument, Brown responds:

The Defendants' Motion for Summary Judgment on Unexhausted Claims states that the Plaintiff failed to appeal decisions made at four separate administrative segregation reviews held between October 27 and November 13, 2006, while it downplays the limitations imposed on the Plaintiff during this time. See Doc. 28 at 4.1 However, as the Plaintiff's affidavit makes clear regarding this time period, "My appeal was noted at each ad[ministrative] seg[regation] review in lieu of being permitted the wherewithal to write one." (Plaintiff's Affidavit, ¶ 102). In other words, had he been afforded minimal conditions to file a written appeal of these determinations, the Plaintiff would have done so; but since he was not, he appealed verbally at the reviews. The Defendants purported to acknowledge Mr. Brown's appeals, but did not respond to them. Based on his reasonable belief that he had met a "dead end" in the appeals process, Mr. Brown satisfied the exhaustion requirement of 42 U.S.C. §1997e(a). See *Ouellette v. Maine State Prison*, 2006 WL 173639, *3 (2006).
….
The "particular circumstances" underlying Mr. Brown's placement on suicide watch and segregation, and his eventual transfer to Maryland, weigh in favor of the Plaintiff clearing the exhaustion hurdle of the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a). *See* id. at *8. After subjecting the Plaintiff to extraordinarily harsh conditions, sending him to a state where access to Maine's correctional regulations was significantly impaired, and denying him contact with his attorney in Maine, the Defendants are estopped from requiring the Plaintiff to follow Maine procedures to their letter. See id. at *11 (discussing equitable estoppel in context of PLRA exhaustion).

(Opp'n Mem. at 2.)

I agree with the defendants that there is a significant problem in the fact that Brown has not responded to their statement of facts or generated his own statement of additional facts to support his assertion that he was frustrated in his efforts to exhaust his remedies. He seems to think his own efforts were sufficient to allow him to go forward with this action but there is no doubt that under Woodford v. Ngo as a threshold to filing this court action Brown had to have "properly" exhausted all of his administrative remedies as set forth in the prison's policies– making it half-way there or taking a shortcut by an alternative route will not suffice barring evidence of that there is a reason to excuse full compliance with the grievance procedure. See Parker v. Robinson, Civ. No. 04-214-B-W, 2006 WL 2904780 (D.Me. Oct. 10, 2006)(recommended decision).

With respect to what can be described as Brown's principle claims, that of the retaliatory acts of placing him in administrative segregation and transferring him out of state, the defendants argue that he never completed efforts to grieve the segregation determinations and that he never filed an appeal of his transfer.

Brown responds:

> Despite the fact that he was not afforded the hearing to which he was entitled by the Fourteenth Amendment, Mr. Brown did take affirmative steps to appeal his transfer to the appropriate Maine officials once he was in the Baltimore Supermax, writing immediately to Warden Merrill, and then two weeks later to Commissioner Magnusson. Both of these Defendants ignored Mr. Brown. (Plaintiff's Addendum to Affidavit, ¶¶ 128-129). Having ignored the Plaintiff's letters, the Defendants cannot now thwart his claims by "wielding §1997e(a) as a sword rather than a shield." *Parker* at *12.

(Opp'n Mem. at 3, footnotes omitted.) He also points out:

> Under State of Maine Department of Corrections Policy Number 29.1, "[a] grievance may not be filed regarding … a decision to place a client in high risk management, *administrative segregation*, … or *transfer*…." "since appeals procedures for handling these matters already exist." (Emphasis added). The

6

> Defendants have offered the affidavit of Dawn Grass (Doc. 31) to show that no appeals were noted in the Plaintiff's file after he was transferred out of state; however, the Defendants have failed to articulate (and Plaintiff's attorneys are at a loss to understand) what the appeal procedure was for an individual transferred out of state, much less whether the Plaintiff was notified of any such procedure.

(Id. at 2 n.2.) The defendants reply:

> To the extent the plaintiff is contending that he did not know what the appeal procedure was for the transfer decision, he needed to, but did not, put this forward in a statement of additional material facts. The same goes for his other contentions about why he did not appeal classification decisions or grieve other decisions.

(Reply Mem. at 2 n.2.)

I agree with Brown that there is an insufficient record material to the issue of what steps Brown needed to take to full and properly exhaust his administrative remedies as to the transfer. For all I know, the letters to Magnusson and Merrill sufficed. The exhaustion of remedies is an affirmative defense, see Casanova v. Dubois, 304 F.3d 75, 77 -78 & n.3 (1st Cir. 2002), and even in responding to Brown's point that it is unclear what the administrative grievance exhaustion rubric is for transfer claims the defendants have not identified the necessary factual basis to sustain this defense at this point.

That said, Brown has failed to create a genuine dispute that he exhausted his remedies with respect to his claim in Count I of his complaint in which he alleges:

> Mr. Brown, a jailhouse correspondent, was ordered to cease his communication with the media, an order made without justifiable cause. Furthermore, he was informed that under Departmental policy, "[a] prisoner may not act as a reporter, publish under a byline or act as an agent of the news media, "in violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983.

(Compl. ¶ 72.) His own submission indicates that Brown was informed of the policy in a letter from Warden Merrill through a letter dated October 17, 2006. (See Doc. No. 44-2.) The undisputed fact that Brown filed no grievances from October 1, 2006, to May 31, 2007, means

7

that he did not fully and properly exhaust, within the meaning of Woodford v. Ngo, his administrative remedies as set forth by the defendants for this First Amendment claim.

In a previous decision I recommended dismissing Brown's Count III procedural due process claim for failing to state a claim.  That leaves Brown's Count IV Eighth Amendment claim complaining:  "During the period from at least April 2005 to mid-November 2006, Plaintiff was repeatedly subjected to cruel and inhumane treatment, to wit his unjustified placement on 24-hour watch, 15 minutes logged watch and in Administrative Segregation, in violation of the Eighth Amendment of the U.S. Constitution and 42 U.S.C. § 1983."  (Compl. ¶ 79.)   In this motion for summary judgment the defendants acknowledge this claim and indicate that two of the three instances in which Brown was placed on administrative segregation in April 2005 and May 2005, "have already been addressed in the motions to dismiss filed on behalf of Ross, Worcester, and Magnusson and will be addressed again in the dispositive motion to be filed on behalf of defendant Merrill."  (Mot. Summ. J. at 3.)   The defendants then go on to explain why the October 2006 incident of administrative segregation was not fully exhausted. While the State defendants have filed seven separate dispositive motions, and all of the named defendants have filed dispositive motions addressing other counts or issues, there are no such motions on our docket that I can find specifically targeted to nonexhaustion of administrative segregation claims in April and May 2005 based on an Eighth Amendment violation.

However, 42 U.S.C. § 1997e(c) provides:

Dismissal
(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

8

> (2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c). Brown's allegations of being subjected to a watch does not state a claim, be it one for an Eighth Amendment failure to protect/deliberate indifference ala Farmer v. Brennan, 511 U.S. 825 (1994) or a Hudson v. McMillian, 503 U.S. 1 (1992) cruel and unusual punishment violation. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atl. Corp. v. Twombly, __ U.S. __, ___, 127 S. Ct. 1955, 1965 (May 21, 2007). Brown must plead enough facts to state a "plausible" basis for the claim. Id.[1] Thus, I recommend that the Court dismiss Brown's Eighth Amendment claim pursuant to 42 U.S.C. § 1997e(c), because, even if it is exhausted, it does not state a claim.

Finally, I recommend that any claims Brown envisioned against the five unnamed "John Does" be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to make service.

## *Conclusion*

For the reasons set forth above, I recommend that the Court grant summary judgment to the defendants on Brown's Count I First Amendment claim because he did not exhaust it as required by 42 U.S.C. § 1997e(a), that it dismiss Brown's Count IV Eighth Amendment claim pursuant to 42 U.S.C. § 1997e(c), and that it dismiss without prejudice all claims against the five

---

[1] This court is not bound by a pleading's "legal conclusions," or its "unsupported conclusions," or its "unwarranted inferences," or its "unwarranted deductions," its "footless conclusions of law," and its "sweeping legal conclusions cast in the form of factual allegations." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357 (footnotes with cited sources omitted). "[T]he court will not accept conclusory allegations concerning the legal effect of the events the plaintiff has set out if these allegations do not reasonably follow from the pleader's description of what happened, or if these allegations are contradicted by the description itself." Id. (footnote omitted).

"John Does" for failure to make service. Further I recommend that the Court deny the defendants' motion to the extent that it seeks summary judgment on Brown's Count II retaliation claims for failure to exhaust, although in a separate opinion on a separate motion for summary judgment I recommend that Defendants O'Farrell, Merrill, and Magnusson be granted summary judgment on that count for the reasons stated in that companion recommended decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date: September 3, 2008