UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEANE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 07-61-B-W |
| | ) |
| MARTIN MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON
MOTION FOR A PRELIMINARY INJUNCTION (Docket No. 16)
and MOTION FOR A TEMPORARY RESTRAINING ORDER (Docket No. 32)**

Deane Brown has brought a civil rights action against eight named defendants and five 'John Does.'

Mr. Brown alleges that defendants violated his First Amendment right to freedom of speech by refusing him access to the news media and by transferring him to the Maryland Correctional Adjustment Center ("MCAC") in Baltimore, Maryland in retaliation for his assertion of constitutionally and statutorily protected freedom of speech. Mr. Brown further alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to inhumane and dangerous conditions at the Warren State Prison and repeatedly transferring him to the Administrative Segregation unit in retaliation for asserting his constitutional rights under the Eighth Amendment. Mr. Brown seeks injunctive and declaratory relief and compensatory and punitive damages.

(Compl. ¶ 2.)   In this recommended decision I address Brown's pro se motion for a preliminary injunction (Doc. No. 16) and his pro se motion for a temporary restraining order (Doc. No. 32).

*Discussion*

In the motion for a preliminary injunction Brown asserts that the State of Maryland is trying to force diabetes treatment on him at the MCAC.  (Mot. Prelim. Inj. at 2.)  With respect to the Maine State Prison, Brown states that on November 13, 2006, prior to his transfer to Maryland that same day, he was refusing treatment for diabetes and signed an executive order

supplied by the Maine Department of Corrections asking Maine correctional officials not to resuscitate him. (Id. at 3.) Brown then recounts a November 2007 dispute with a nurse over his insulin injection and failure of MCAC to provide him with food at the right time for his injections over the last 16 months. (Id. at 3-5.) He indicates that he attempted to grieve this treatment to Maine Department of Corrections but his efforts were rebuffed. (Id. at 5.) He feels that the State of Maine has a responsibility to provide him with a pre-transfer hearing. (Id. at 5-6.) He also complains that he has lost contact with his loved ones, his religious support network, and his mental health provider. (Id. at 6-7.) He goes on to complain about his limited access to the telephone, the censoring of his mail, and a lack of access to his Maine-based attorney. (Id. at 7-8.)[1]

In his motion for a temporary restraining order, Brown indicates that a Baltimore judge entered an April 11, 2008, order authorizing the Commissioner of Corrections to use reasonable force to inject Brown with insulin and also required that Brown be given appropriate food at a time appropriate vis-à-vis the insulin treatments. (TRO at 2.) Brown then complains that the

---

[1] I held a conference with counsel on May 7, 2008, with regards to the motion for a preliminary injunction. My report was as follows:
>    I requested a conference with counsel to discuss the Preliminary Injunction Motion filed personally by Plaintiff Deane Brown, pro se, on April 4, 2008, at Docket No. 16. I inquired of plaintiff's counsel whether they knew Mr. Brown was going to file this Motion. They responded in the negative. I advised plaintiff's counsel that they should make it clear to Mr. Brown that he can either dismiss his counsel and proceed pro se, or allow his counsel to litigate this matter. The court would not tolerate both. Defendants have filed a response to the preliminary injunction motion at Docket No. 17. Also, on May 6, 2008, Defendants filed a Motion to Dismiss Transfer Due Process claim at Docket No. 20, which relates directly to the issues raised in the motion for preliminary injunction. Ms. Sleek indicated during this conference that further dispositive motions will be filed on or before the deadline of May 12, 2008.
>    As a result of this conference it was agreed that plaintiff's reply, if any, to defendants' opposition to the Preliminary Injunction Motion; plaintiff's response to defendants' Motion to Dismiss Transfer Due Process Claim; and plaintiff's response to any dispositive motions filed by May 12, 2008, will be due at the same, i.e., June 2, 2008. Therefore none of the pending motions will be considered by the court until after the anticipated May 12th dispositive motions have been fully briefed.

(Doc. No. 22. At 1-2.)

very next day correctional staff did not comply with this order concerning food when they gave him insulin. (Id. at 2-5.) He also references a similar deficiency a couple of days later. (Id. at 5.) Brown further recounts earlier efforts to grieve these medical issues with the Maine Department of Corrections. (Id. at 6-7.) Brown argues that under Maine law he has a "right to die" and that his transfer from Maine to Maryland was motivated by a desire to force the insulin treatment on Brown. (Id. at 7-10.)

>In reviewing Brown's request for injunctive relief,[2] I must,
>
>weigh four factors: (1) the likelihood of the movant's success on the merits; (2) the potential for irreparable harm to the movant; (3) a balancing of the relevant equities, i.e., the hardship to the nonmovant if the injunction issues as contrasted with the hardship to the movant if interim relief is withheld; and (4) the effect on the public interest of a grant or denial of the injunction.

DeNovellis v. Shalala, 135 F.3d 58, 62 (1st Cir. 1998) (citing Gately v. Massachusetts, 2 F.3d 1221, 1224 (1st Cir.1993). "[T]he probability-of-success component has loomed large" in First Circuit cases, LeBeau v. Spirito, 703 F.2d 639, 642 (1st Cir. 1983) (collecting cases); indeed, it "is the main bearing wall of the four-factor framework," Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996).

I have entered recommended decisions on seven dispositive motions filed on behalf of the defendants. (See Doc. Nos. 20, 23, 24, 25, 28, & 33 and corresponding recommended decisions.) I have also recommended denying Brown's cross motion for summary judgment. (See Doc. No. 49 and corresponding recommended decision.) In addressing these motions I have concluded that dismissal or summary judgment is appropriate as to all of Brown's claims

---

[2] Although the two motions have different titles, they are both motions for injunctive relief and are reviewed under the same standard.

against all of the defendants. Therefore, it is my opinion that Brown does not meet the 'probability-of-success' component of his injunctive relief burden.

I only note that the claims raised by Brown in his two motions for injunctive relief do not all pertain to the four counts in his complaint. My recommendation only turns on the merits of the claims that are before this Court in the present complaint. I am in no way passing on the possible merits of any other claims that he may or may not have that are based on the set of facts set out in these two pro se motions.

## *Conclusion*

Based upon the forgoing, I recommend that the Court deny Brown's motion for a preliminary injunction (Docket No. 16) and his motion for a temporary restraining order (Docket No. 32).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date: September 3, 2008